Mark Brnovich
Attorney General
Firm State Bar No. 14000

Christopher J. Dylla
Assistant Attorney General
State Bar No. 027114
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8389
Email: Christopher.Dylla@azag.gov
Attorneys for the State of Arizona
 *ex rel.* Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT CARTER<br>SSN: XXX-XX-6129<br><br>Debtor. | Chapter 13<br><br>Case No. 2:15-bk-07401-DPC<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

State of Arizona *ex rel.* Arizona Department of Revenue ("Department"), objects to the Chapter 13 plan ("Plan"), filed July 23, 2015 as follows:

I. **Relevant Factual History**.

1. Debtor filed a bankruptcy petition on June 15, 2015.

2. Debtor is an individual residing in the State of Arizona, and is required to file and pay certain tax liabilities to the Department, including personal income taxes.

3. The Department filed a proof of claim establishing a priority claim for the 2012, 2013 and 2014 tax periods in the estimated amount of $6,261.00. A true and accurate copy of

the Department's "Proof of Claim," dated July 28, 2015, is No. 3-1 on the Court's Claims Register.

4. To date, Debtor has failed to file the 2012, 2013 and 2014 personal income tax returns.

## II. The Plan Does Not Properly Provide for the Department's Priority Tax Claim.

### A. Debtor Has Failed to File Requisite Tax Returns.

A Chapter 13 plan cannot be confirmed unless the debtor has filed all applicable Federal, State, and local tax returns. 11 U.S.C. § 1325(a)(9). In addition, Rule 2083-5, Local Rules of Bankruptcy Procedure for the District of Arizona, requires that:

> The debtor shall file any due but unfiled tax returns within 60 days after the date first set for the meeting of creditors. If not timely filed, the case trustee may upload an order dismissing the case.

*See also* §§ 1307(e); 1308(a).

Here, Debtor was required to file personal income tax returns for the periods in question. Since all returns have not been filed as required by the Bankruptcy Code, the Plan should not be confirmed.

### B. The Plan Fails to Provide Full Payment of the Department's Priority Tax Claim.

The Department's tax claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). Pursuant to § 1322(a)(2), the Plan must provide for the full payment of the Department's claim. Since it does not, the Plan cannot be confirmed. *See* 11 U.S.C. § 1325(a)(1).

Further, § 1328(a) provides that a debtor is not entitled to a discharge of priority claims until after completion of all payments under the plan. To the extent the Plan provides to the

contrary, the Plan cannot be confirmed. *See* 11 U.S.C. § 1328(a)(2).

III. <u>Conclusion</u>.

Based on the foregoing, the Department requests this Court deny confirmation of the Plan.

RESPECTFULLY SUBMITTED this 6th day of August, 2015.

        MARK BRNOVICH
        Attorney General

        /s/ CJD No. 027114
        Christopher J. Dylla
        Assistant Attorney General
        Attorneys for the State of Arizona
        *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically
this 6th day of August, 2015 with:

United States Bankruptcy Court
Phoenix Division
230 North First Avenue, Suite 101
Phoenix, AZ 85003

COPY of the foregoing sent for mailing
this 6th day of August, 2015 to:

Robert Carter
1817 E. Southern Avenue, #202
Tempe, AZ 85282
Pro Se Debtor

Edward J. Maney
Chapter 13 Trustee
101 North First Avenue, Suite 1775
Phoenix, AZ 85003

/s/ Michelle Schlosser
#4585174/BCE15-02132